FILED

2014 Apr-02  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARNETTA GADLING-COLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:12-CV-2882-SLB** |
| | ) | |
| **MARK LaGORY; WILLIAM** | ) | |
| **COCKERHAM; LISA BAKER;** | ) | |
| **THOMAS DiLORENZO;** | ) | |
| **UNIVERSITY OF ALABAMA AT** | ) | |
| **BIRMINGHAM; UNIVERSITY OF** | ) | |
| **ALABAMA AT BIRMINGHAM** | ) | |
| **BOARD OF TRUSTEES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This case is before the court on defendants' Motion to Dismiss, (doc. 22), and plaintiff's Motion for Leave to File Amended Complaint, (doc. 26).[1] In both her Second Amended Complaint, (doc. 20), and proposed Third Amended Complaint, (doc. 27), plaintiff alleges various causes of action arising out of her employment with the University of Alabama at Birmingham ("UAB"). Because the complaints suffer from the same fatal flaws, the court will strike plaintiff's Second Amended Complaint and deny leave to file the proposed Third Amended Complaint. This will render defendants' Motion to Dismiss moot, and thus the court will deny it. However, the court will grant leave for plaintiff to file an amended complaint in accordance with this memorandum opinion.

---

[1]Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

## DISCUSSION

The Second and proposed Third Amended Complaint are structured in the same manner, and it is this structure that fails to comply with the Federal Rules of Civil Procedure. There are slight differences in some of the phrasing between the two documents, but for ease of reference, the court will use only the proposed Third Amendment Complaint in its analysis. The analysis applies equally to both complaints.

In the "Facts" section of her complaint, plaintiff sets out twenty-one numbered paragraphs describing what allegedly occurred during the course of her employment with UAB. (*See* doc. 27 ¶¶ 7-27.) To sum it up, she was allegedly harassed and treated poorly at every turn. The last fact alleges that she was notified "that her appointment as Assistant Professor with the Department of Social Work would not be renewed and that her last day of employment would be May 15, 2013." Although the complaint was filed on March 10, 2014, plaintiff does not specify whether or not her appointment was in fact renewed.[2] The complaint then sets out "Claim One"—against UAB for harassment, discrimination, and retaliation on the basis of race and gender in violation of Title VII of the 1964 Civil Rights Act—and "Claim Two"—for "Violation of the United States Constitution," as variously alleged against various defendants in thirteen numbered paragraphs. (Doc. 27 at 9-12.) Both "claims" incorporate each and every fact alleged in the fact section as if fully set forth

---

[2]At oral argument, plaintiff's counsel informed the court that plaintiff was not reappointed and has since secured employment elsewhere.

therein. (*Id.* at 9); *see Turner v. McKesson Corp.*, 2:12-cv-2053-SLB, 2013 WL 4727651 n.9 (N.D. Ala. Sept. 3, 2013) (noting that this practice of full incorporation creates "confusion as to which facts plaintiff was relying on for each Count").

The fact section contains a wide spectrum of defendants' alleged bad acts, anything from failing to notify plaintiff of "what, if any, wage increase she could expect," (doc. 27 at 7 ¶ 18), to "attempt[ing] to block [p]laintiff's scholarly efforts and . . . sen[ding] her harassing emails," (*id.* at 8 ¶ 24). Lumping all these acts into two "claims" leaves the reader to sort through which acts might constitute a "discrete act" of discrimination or retaliation, and which are acts not actionable alone but, accumulated, become actionable harassment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Fortunately, "a straightforward application of the Rules of Civil Procedure" provides the remedy. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 (11th Cir. 2008).

> Rule 8(a)(2) . . . requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Rule 10(b) instructs that '[e]ach claim founded []on a separate transaction or occurrence . . . [must] be stated in a *separate count* . . . .'[3] These Rules work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [s]he is claiming and frame a responsive pleading, [and the] court can determine *which facts support which claims* . . . ."

*Id.* at 980 n.57 (citations and internal quotation marks omitted) (latter emphasis added).

---

[3]This court purposely leaves out the Rule's qualifying phrase, "[i]f doing so would promote clarity." This is unquestionably a case in which the need for clarity demands that the complaint identify each occurrence that forms a discrete claim in a separate count.

As defendants note in their Motion to Dismiss, (doc. 22 ¶ 3), this court previously informed plaintiff in an order that "[e]ach count in the Amended Complaint should contain no more than one discrete claim for relief." (Doc. 18 at 2.) The court also included the above excerpts from Rule 8 and Rule 10.[4] (*Id.* at 1-2 and footnotes.) Plaintiff responds that she "set out individual claims against each [d]efendant in separate paragraphs," (doc. 25 ¶ 16), but this misses the point. Separate *counts* are needed, each identifying the specific legal cause of action asserted and the specific facts that make up that cause of action. For example, the first count might be titled "Title VII Race Discrimination Against UAB." In this example, the count should not incorporate every fact from a fact section, but should instead identify a discrete occurrence that plaintiff asserts constitutes one count of racial discrimination by UAB. Plaintiff should list as many counts as needed to separately identify each actionable occurrence by each defendant.

When confronted with a complaint like the one plaintiff has presented, "the court, acting sua sponte, should [strike] the plaintiff's complaint . . . and instruct[] plaintiff's counsel to file a more definite statement." *Davis*, 516 F.3d at 984.

---

[4]Rule 11 was also included, and is equally important and applicable. It states in relevant part that an attorney must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the claims . . . and other legal contentions [in a pleading] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). It also states that violations of Rule 11(b) may result in appropriate sanctions.

4

The court will strike plaintiff's Second Amended Complaint and proposed Third Amended Complaint, and grant plaintiff leave to file another amended complaint. An order in accordance will be entered contemporaneously with this memorandum opinion.

**DONE**, this 2nd day of April, 2014.


SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE