FILED
2015 Mar-19 PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARNETTA GADLING-COLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **MARK LAGORY; WILLIAM** ) | **CASE NO. 2:12-CV-2882-SLB** |
| **COCKERHAM; LISA BAKER;** ) | |
| **THOMAS DiLORENZO;** ) | |
| **UNIVERSITY OF ALABAMA AT** ) | |
| **BIRMINGHAM; UNIVERSITY OF** ) | |
| **ALABAMA AT BIRMINGHAM** ) | |
| **BOARD OF TRUSTEES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 31.)[1] Because Counts III, IV, and V in plaintiff's Third Amended Complaint fail to comply with the court's April 2, 2014 Order, and because Count II is due to be dismissed for failure to state a claim upon which relief may be granted, the court will dismiss Counts II through V without prejudice. Therefore, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint, (Doc. 31), is due to be granted as to Counts II through V and denied as to Count I.

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint, (Doc. 1), on September 6, 2012, which the court allowed plaintiff to replead. (Doc. 18.) The court instructed plaintiff that an Amended Complaint must comply with Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), and 11(b), that "[e]ach count in the Amended Complaint should contain no more than one discrete claim for relief," and that the Complaint must "contain allegations of fact which support each discrete claim." (*Id.* at 1-2.) Plaintiff filed a Second Amended Complaint, (Doc. 20), and a proposed Third Amended Complaint, (Doc. 27). Because those Complaints suffered from fatal flaws, the court struck plaintiff's Second Amended Complaint and the proposed Third Amended Complaint, and granted plaintiff leave to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure, as explained in the court's April 2, 2014 Memorandum Opinion. (Doc. 29 at 1-2.) Plaintiff filed a Third Amended Complaint, (Doc. 30), on May 15, 2014, and defendants filed the instant Motion to Dismiss, (Doc. 31).

## DISCUSSION

In their Motion to Dismiss, defendants argue that plaintiff's Third Amended Complaint fails to comply with the court's April 2, 2014 Order because it does not "clearly specify what facts support which claims, against which Defendants." (Doc. 31 ¶¶ 7, 10, 14.) Defendants also contend that plaintiff's discrimination claims fail because plaintiff's Complaint does not "identify other faculty members who were treated more

2

favorably and who were not in the same protected classification as the Plaintiff." (*Id.* ¶ 9.) Plaintiff responds that "each Count I through Count V states a specific claim and outline [sic] the facts to support each claim." (Doc. 33 ¶ 10.) Defendants are correct that several of the Counts in plaintiff's Complaint are deficient and are due to be dismissed.

The court once again looks to *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008), for direction in reading plaintiff's Third Amended Complaint.

> Rule 8(a)(2) . . . requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Rule 10(b) instructs that '[e]ach claim founded []on a separate transaction or occurrence . . . [must] be stated in a *separate count* . . . .'[2] These Rules work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [s]he is claiming and frame a responsive pleading, [and] the court can determine *which facts support which claims* . . . ."

*Id.* at 980 n.57 (citations and internal quotation marks omitted) (latter emphasis added). As this court stated in its previous Memorandum Opinion, "[s]eparate counts are needed, each identifying the specific legal cause of action asserted and the specific facts that make up that cause of action." (Doc. 28 at 4.) The court directed plaintiff to "list as many counts as needed to separately identify each actionable occurrence by each defendant," (*id.*), and noted that "[l]umping all . . . acts into two 'claims' leaves the reader to sort through which acts might constitute a 'discrete act' of discrimination or retaliation, and

---

[2] Again, this court purposely leaves out the Rule's qualifying phrase, "[i]f doing so would promote clarity" because this is unquestionably a case in which the need for clarity demands that the complaint identify each occurrence that forms a discrete claim in a separate count.

3

which are acts not actionable alone but, accumulated, become actionable harassment," (*id.* at 3 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002))).

First, the court will address the Counts which fail to comply with the court's explicit instructions in its previous Memorandum Opinion: "Plaintiff should list as many counts as needed to separately identify each actionable occurrence by each defendant," and plaintiff should provide "the specific facts that make up [each] cause of action." (Doc. 28 at 4.) Counts III, IV, and V, which incorporate every paragraph from the fact section, contain no specific facts to support the claims being raised and leave the court and defendants to determine which facts from the fact section support those claims. (*See* Doc. 30 at 8-10.) While incorporating previous paragraphs by reference is not fatal to a claim, the court's previous Opinion made plaintiff aware that the practice of incorporating every paragraph from the fact section is discouraged, unhelpful, and does not suffice to state a claim when there are no specific facts provided in a Count connecting plaintiff to the claim being raised. (*See* Doc. 28 at 3 ("[The] practice of full incorporation creates 'confusion as to which facts plaintiff was relying on for each Count.'") (quoting *Turner v. McKesson Corp.*, 2:12-cv-2053-SLB, 2013 WL 4727651 n.9 (N.D. Ala. Sept. 3, 2013)).)

Count Five, in particular, suffers from every fatal flaw the court identified in its previous Order: plaintiff makes conclusory allegations without including any facts showing retaliation; plaintiff brings claims under multiple causes of action in one Count; and the Count asserts claims against all defendants, thereby directly contravening this

court's instruction to "list as many counts as needed to separately identify each actionable occurrence *by each defendant*." (Doc. 28 at 4 (emphasis added); *see* Doc. 30 at 10.)

Given plaintiff's disregard for the court's previous Order, the court will dismiss plaintiff's claims that fail to comply with the Order pursuant to Federal Rule of Civil Procedure 41(b), which provides, "If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court also notes that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). As plaintiff is represented by counsel, has not filed a motion to amend her latest Complaint, and has repeatedly filed Complaints that do not comply with the Federal Rules or the court's instructions, dismissal is an appropriate remedy.[3] (*See* Docs. 18 and 29.)

The court now turns to the remaining two Counts. Counts I and II each assert a discrete claim for discrimination in violation of Title VII against UAB, and both Counts include at least some facts supporting the claim. Under Count I, in which plaintiff asserts a disparate treatment claim for race discrimination, plaintiff names a fellow employee,

---

[3] The court has not addressed defendants' immunity argument, (*see* Doc. 31 ¶ 11), because defendants' argument applies only to the individual defendants, and the court will enter an Order contemporaneously with this Memorandum Opinion dismissing all Counts against the individual defendants for plaintiff's failure to comply with the court's previous Order in drafting those Counts .

Lisa Baker, who is not in plaintiff's protected class and alleges that UAB treated Baker more favorably than plaintiff by providing Baker "mentoring denied the plaintiff," (Doc. 30 ¶ 32), and by firing plaintiff and retaining Baker, even though Baker had a "less accomplished history of research, service, and teaching," (*id.* ¶¶ 31-32). Plaintiff also alleges that Baker "was allowed to skip the requirement of publishing during the first two-years of her initial contract," (*id.* ¶ 32), although plaintiff does not allege that she published during the first two years of her initial contract, so this allegation does little to show discrimination. However, because plaintiff lists acts of alleged discrimination under Count I that may be actionable under Title VII, the court will not dismiss Count I.[4]

Count II is a discrete claim for gender discrimination in violation of Title VII against UAB, but unlike Count I, Count II contains no allegations that UAB treated a specific employee belonging to a group outside plaintiff's protected class more favorably, and none of plaintiff's Equal Employment Opportunity Commission ("EEOC") charges contain any such allegations.[5] Count II states that Mark Lagory sent plaintiff threatening emails while she was on maternity leave and threatened to terminate

---

[4] The court notes that Count I suffers from similar flaws as plaintiff's other counts. It attempts to allege different Title VII claims under the same Count—i.e., disparate treatment and termination claims. Despite plaintiff's failure to follow the court's instructions with regard to Count I, the court will not dismiss this Count.

[5] The court may consider the EEOC charges along with the Complaint. *See Ezekiel v. Tift Cnty. Sch. Dist.*, No. 7:08-cv-127 (HL), 2010 WL 431977, at *4 (M.D. Ga. Feb. 1, 2010) ("[T]he EEOC Complaints are attached to the complaint and are proper matters for the court to consider as they are central to the complaint.").

6

her employment three days after plaintiff gave birth to twins. (Doc. 30 ¶ 37.) To show gender discrimination, plaintiff states only that "other employees were treated more advantageously than the Plaintiff because of her race." (Doc. 8 ¶ 37.) Even assuming plaintiff intended to state that UAB treated other employees more advantageously than her because of her *gender*, plaintiff's statement does not state a claim for gender discrimination.

While plaintiff is not required to allege facts in the complaint sufficient to make out a *McDonnell Douglas* prima face case, plaintiff's bare statement that "other employees" received more favorable treatment is the type of conclusory allegation that "epitomizes speculation and therefore does not amount to a short and plain statement of [her] claim under Rule 8(a)." *Davis*, 516 F.3d at 974 (finding that the plaintiffs did not state a claim for race discrimination where the pleadings stated only that the "plaintiffs were 'denied promotions . . . and treated differently than similarly situated white employees solely because of [] race'"); *see also Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. Dec. 4, 2013) (stating that plaintiff's complaint did "not plausibly suggest intentional discrimination" where plaintiff "referenced younger males" but did not "identify any valid comparators to undergird her disparate treatment claims"); *Uppal v. Hosp. Corp. of America*, 482 F. App'x 394, 396 (11th Cir. June 13, 2012) (finding allegation that "'[o]ther similarly situated employees outside Plaintiff's protected classes' engaged in similar misconduct, but were not disciplined" did not state

7

a claim for discrimination). Plaintiff does not identify any male comparators treated more favorably or state the ways in which defendant treated other employees more favorably. The facts alleged under Count II do not satisfy the pleading standard of Rule 8(a)(2), and Count II is, therefore, due to be dismissed for failure to state a claim.

## CONCLUSION

The court will dismiss Count II without prejudice for failure to state a claim upon which relief may be granted and will dismiss Counts III, IV, and V without prejudice for non-compliance with the Federal Rules of Civil Procedure and the court's previous Orders. Therefore, Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Filed May 15, 2014, (Doc. 31), is due to be granted as to Counts II through V and denied as to Count I.

**DONE** this 19th day of March, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE